BAKER, IUDGE:
Claimant, Dale E. Fields, sustained personal injuries when he fell from a walking bridge in Kanawha County on February 23,1993. He brought this action to recover work loss as he was unable to work for several months after receiving injuries in the fall. He alleges that the respondent failed properly to maintain the walking bridge and this failure to maintain the bridge was the proximate cause of this accident.
Respondent contends that it had not notice of any defects on the bridge and that claimant’s fall was the result of his own negligence.
The evidence adduced in the hearing of this claim on April 22,1994, established that claimant and a female friend were walking across the bridge over the Elk River at Falling Rock, W.Va., on February 23,1993. It was a very cold and snowy day. There was snow falling as they walked and it was accumulating on the walkway surface of the bridge. Earlier on that day claimant had been drinking alcoholic beverages with a friend. He then joined his female friend and they went to diner and were returning to claimant’s home. Claimant had parked his vehicle on the west side of the bridge at Bridge Elementary School. He and his friend were walking easternly on the bridge in the snow. As claimant neared the east side of the bridge, he slipped in the snow and fell headfirst through a section of the bridge where chain link fencing was missing from the bottom portion of the bridge. Claimant described the scene for the Court and his fall as follows:
We had parked there because we live on the other side and we got out of the car and proceeded across the bridge. The bridge was covered with snow. As we were walking across the bridge, as you go across the bridge you’re going across the river, the wind is blowing real hard, and as we were walking across the bridge I had my hands in my pockets. You know, my pants are tight. I’m not skinny and my *91 pants are tight.
As we were walking across the bridge, they were in front of me, and as we were walking across the bridge we were slipping and sliding and then when we got over to where the fence is gone, I did slip and I fell, and I couldn’t get my hands out on my pockets fast enough. When I fell, I hit my head on, you’ll see the railing, it’s made of angle iron. And when I slipped and fell, I hit my head on the railing and went through the railing.
As far as I know just, I went right on through the, because it, it didn’t knock me out, but it addled me to where I, I don’t know, I just went through the railing. I do remember hitting the tree and then the next thing you know, I’m laying on the ground looking up, on my back, flat on my back, and snow is coming down on top of me from where I hit the tree. And I’m trying to catch my breath and my girlfriend is running back and forth across the bridge screaming, and the next thing I know she just disappears and, you know, like I’m there by myself and, you know, it took me a few minutes to get myself together after I could catch my breath. You know, I was hurting pretty bad, especially my left leg, and I got up and limped up the hill.
Claimant testified that the portion of the bridge missing chain link fence had been in this condition for two or three months prior to his fall; however, he had not reported it to the respondent’s headquarters. He stated that he had mentioned it to two individuals who were sitting in a pick-up truck which he identified as a truck marked as one belonging to the respondent, Division of Highways, and which was parked at the bridge site some time prior to his accident. He was unable to provide any information as to the identity of these two men.
Claimant sustained physical injuries to his left knee and his left hip as a result of his fall from the bridge. He was able to return to work in August of 1993, but he experiences pain and he feels that it is necessary for him to return to asbestos abatement employment after he receives proper training for this work because he will not be required to lift as much weight as is required in either the logging business or moving furniture which he has been doing. He had injured his left knee prior to this accident, but he is of the opinion that he has reinjured it and it continues to cause him discomfort when he works.
Testimony on the part of witnesses for the respondent provided a description of the walking bridge. It is a swinging bridge with a railing approximately four feet two inches high with chain link fencing from the bottom to the top rail. The rails have a space approximately one foot eleven inches between them. There was chain link fence missing at the east of the bridge on the *92 bottom portion of the bridge railing.
Respondent’s witness, Calvert Mitchell, Assistant Supervisor for the Elkview area of Kanawha County, testified that he had no complaints about the condition of this walking bridge until after claimant’s accident. Testimony from Robert S. Campbell, District Bridge Engineer for District 1, indicated that bridges are inspected at least every two years as required by federal standards. This bridge had been inspected on April 9,1991. The bridge department had not received any complaints or notice of the missing chain link fence until March 1993 and repairs were effected immediately.
The Court, having reviewed all of the evidence in this claim, has determined that respondent did not have notice that the bridge railing was in a defective condition. Claimant, however, was aware of the defective condition and he was walking across the bridge when it was in a very slick condition with the wind blowing and the bridge moving up and down. He placed himself in a perilous position when he walked across the bridge with his hands in this pockets. It is the opinion of the Court that claimant’ sown actions were the proximate cause of this fall from the bridge.
Accordingly, this claim must be denied.
Claim disallowed.